UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CELI CRUZ,

        Petitioner,

vs.

        Case No: 8:05-CV-1905-T-27TBM
        Crim Case No: 8:04-CR-109-T-2TBM

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1) and Memorandum of Law In Support (CV Dkt. 4). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts (2005)[1], the Court has undertaken a preliminary review of the motion and the prior proceedings in the underlying criminal case. Upon review, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is not entitled to relief. Therefore, the Court does not require a response to the motion from Respondent.

### Procedural Background

On June 10, 2004, Petitioner pleaded guilty pursuant to a written plea agreement to Count One of the Indictment, which charged him with knowingly and intentionally possessing with intent to distribute five (5) kilograms or more of cocaine while onboard a vessel subject to the jurisdiction

---

[1] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

of the United States. (CR Dkts. 99, 124). On September 24, 2004, Petitioner was sentenced to 135 months imprisonment, to be followed by three years of supervised release. (CR Dkt. 224). Pursuant to the plea agreement, Count Two of the Indictment was dismissed. Petitioner did not appeal his sentence.[2]

In his § 2255 petition, Petitioner raises two grounds:

**Ground One**: Defense counsel was constitutionally ineffective for failure to investigate and argue outrageous government conduct where the statute is constitutionally outrageous and all boat cases are set-ups to ransom actual kingpins from prison;

**Ground Two**: Defense counsel was constitutionally ineffective for failure to use the Vienna Convention in order to obtain evidence from Columbia essential to the defense.

*Waiver of Direct Appeal and Collateral Attack*

In his plea agreement, Petitioner expressly waived "the right to appeal defendant's sentence, directly or collaterally, on any ground . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines . . . ." (CR Dkt. 99, pp. 10-11, ¶ B(4)). During the plea colloquy, the Magistrate Judge specifically reviewed with Petitioner the sentence appeal provision of his plea agreement and Petitioner confirmed his understanding of the sentence appeal waiver. (CR Dkt. 278, pp. 30-31).

The right to appeal can be knowingly and voluntarily waived. Appeal waivers are generally enforceable. *United States v. Buscomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States.*

---

[2] Petitioner's conviction became final on October 8, 2004, when the time for appeal expired. His § 2255 motion was signed on October 5, 2005 and filed on October 11, 2005. His § 2255 motion is therefore timely. *See Adams v. United States*, 173 F.3d 1339, 1341(11th Cir. 1999)(under the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

*Bushert*, 997 F.2d 1343, 1350-52 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997); *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001). An appeal waiver is enforceable when the judge questions a defendant concerning the sentence appeal waiver during the Rule 11 colloquy or where it is manifestly clear from the record that the defendant understood the significance of the waiver. *United States v. Bushert*, 997 F.2d at 1351.

Where, as here, Petitioner was questioned about his sentence appeal waiver during the plea colloquy, that waiver is considered to have been made knowingly and voluntarily and is therefore enforceable. *United States v. Weaver, supra.* Accordingly, as the Court did not depart upward from the sentencing guidelines, impose a sentence above the statutory maximum or impose a sentence in violation of the law apart from the sentencing guidelines, Petitioner's right to collaterally attack his sentence has been waived pursuant to the express terms of his written plea agreement.

### *Ineffective assistance of counsel claims*

Petitioner's claim of ineffective assistance of counsel has likewise been waived by virtue of his plea agreement. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Even if Petitioner's appeal waiver in his plea agreement does not foreclose his challenge to counsel's effectiveness,[3] his claim that counsel was ineffective is without merit. He does not contend that counsel's conduct undermined the knowing and voluntary nature of his guilty plea or that but for counsel's conduct, he would not have entered a guilty plea.[4] A knowing and voluntary guilty plea waives all non-

---

[3] *See Lattimore v. United States*, 2006 WL 1674144 (11th Cir. June 19, 2006); *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

[4] The two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 688 (1984) is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of

jurisdictional defects, including claims that defense counsel should have conducted an investigation or raised a defense. *Tollett v. Henderson*, 411 U.S. 258 (1973), *Stano v. Dugger*, 921 F.2d 1125 (11th Cir. 1991), *cert. denied*, 502 U.S. 835 (1991). This waiver includes constitutional claims, such as pre-plea ineffectiveness of counsel claims. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). A review of Petitioner's Rule 11 plea colloquy conducted by the Magistrate Judge confirms that Petitioner entered a knowing and voluntary guilty plea with a full understanding of the consequences of his plea, including his waiver of his constitutional rights. (CR Dkt. 278, pp. 17, 19-21).

To the extent, therefore, Petitioner purports to raise as a defense a challenge to the conduct of law enforcement in interdicting the vessel on which he was found and arrested, his guilty plea waived any such defense. Finally, to the extent Petitioner contends that Ground One raises a jurisdictional claim, that contention is without merit. As Petitioner acknowledges, challenges to the constitutionality of the Maritime Drug Enforcement Act, 46 U.S.C. App. § 1903, have been rejected, including challenges to jurisdiction. *See United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002); *United States v. Estupian*, 453 F.3d 1336 (11th Cir. 2006).[5]

There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to

---

reasonable conduct. *Hill,* 474 U.S. at 58. "Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright,* 748 F.2d at 1508.

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, the petitioner claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

[5] *United States v. De Armas* 2006 WL 1217871, n. 2 (11th Cir. 2006); *United States v. Urena,* 140 Fed. Appx. 879 (11th Cir. 2005); *United States v. Garcia,* 2006 WL 1319962 (11th Cir. 2006).

relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1) is DENIED. All pending motions are DENIED as moot. The Clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in Tampa, this 21st day of August, 2006.

*/s/ Whittemore*
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record